DECISION AND JUDGMENT ENTRY
This case is before us on appeal from the Ottawa County Court of Common Pleas, which sua sponte reinstated a previously dismissed third-party complaint containing a slander of title claim and enjoined appellant David M. Buda from operating a business from his single family residence. Pursuant to App.R. 11.1 and 6th Dist.Loc.App.R. 12, we suasponte place this case on our accelerated calendar and affirm.
This case involves a dispute among a homeowner's association, a resident, and a landowner. Appellant contends that the trial court erred when, after dismissing the third-party complaint, it sua sponte
reinstated it. Appellant also contends that the trial court erred in enjoining appellant from operating a business out of his home. Both appellee and appellant agree that the trial court made these decisions after taking testimony at a hearing on a motion for sanctions and at trial. However, appellant did not transmit the entire record to this court, omitting the trial transcript and the transcript from much of the hearing on the motion for sanctions.
It is appellant's burden to ensure that all necessary parts of the record are transmitted for appeal. See App.R. 9(B).[1] When an appellant omits parts of the record that are necessary to determine the assignments of error, we have no choice but to presume the validity of the proceedings below and affirm. Knapp v. Edward Laboratories (1980),61 Ohio St.2d 197, 199. In this case, in order to resolve the assignments of error, we would need the trial transcript and a transcript of all of the testimony at the hearing on the motion for sanctions. Since we do not have these parts of the record, we must presume the validity of the proceedings below and affirm.
Upon consideration whereof, we find that substantial justice has been done the party complaining, and the judgments of the Ottawa County Court of Common Pleas are affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Mark L. Pietrykowski, P.J.
 James R. Sherck, J., Richard W. Knepper, J., CONCUR.
[1] Appellant argues that, pursuant to App.R. 9(B), after he filed his docketing statement and praecipe identifying the parts of the record to be included for appeal, appellee was required to identify and request those parts of the record necessary but not included for appeal. Having failed to do so, appellee, according to appellant, "waived" the argument that appellant failed in his burden to transmit all necessary portions of the record. We read App.R. 9(B) as providing a mechanism for an appellee who believes that the appellant has omitted portions of the record necessary to support appellee's arguments. We do not read App.R. 9(B) as placing a burden on an appellee to identify and request those portions of the record necessary to determine appellant's assignments of error. That is appellant's burden. See Knapp v. Edward Laboratories (1980),61 Ohio St.2d 197, 199, fn.